UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
DIANE BROWN,

                   Plaintiff,

      - against -

ELMHURST HOSPITAL CENTER,

                   Defendant.
-------------------------------------------------------- x

**MEMORANDUM & ORDER**

11 CV 957 (RJD) (LB)

DEARIE, District Judge.

      Pro se plaintiff Diane Brown sues her former employer, Elmhurst Hospital Center ("Elmhurst"), for race, color, and national origin discrimination in violation of Title VII. 42 U.S.C. § 2000e. Elmhurst moves for summary judgment.

      Plaintiff is African-American and from Jamaica. She worked as a provisional clerical assistant for defendant from 1998 until she was fired in 2010. During plaintiff's employment, plaintiff tallied up a number of warnings and three suspensions (ranging from three to 20 days) for "continued excessive and patterned lateness" and "continued excessive and patterned absenteeism." A couple of months before plaintiff was fired, she got into a spat with one of her supervisors and was sent home. Plaintiff complains that her supervisor disrespectfully questioned her work, but offers nothing to link this disagreement to illegal discrimination.

      Plaintiff tenders no evidence that her race, color, or national origin—rather than her poor attendance and insubordination—contributed to her termination. Brown argues that other tardy and absent coworkers were not fired. But, even assuming that these coworkers are similarly

situated to plaintiff, none of their attendance records rival Brown's in severity.  See Table 1 and Table 2, below.[1]

**Table 1: Comparison of Employee Absences**



---

[1] Tables 1 and 2 were composed using data on plaintiff's coworkers provided by plaintiff.  Plaintiff did not produce evidence for each coworker for every year, but what Brown did produce is reflected.  Brown does not dispute her own attendance record, except for two instances—on 4/4/09 and 4/13/09—when she believes her tardy minutes were double-counted.  Table 2 reflects Brown's 2009 tardy minutes minus the duplicate entries.  The years 2003 and 2002 represent estimates derived by dividing in half data ranging from August 2001 to May 2003, in which plaintiff accrued 22 days absent and 1,373 tardy minutes.

**Table 2: Comparison of Employee Tardiness**



Plaintiff also alleges that defendants subjected her to harassment and a hostile work environment, pointing to a 2009 Christmas party at which, she alleges, her coworkers poisoned her. Plaintiff has no proof that she was poisoned and no proof that any of her coworkers took any actions against her based on her race or color.

For the reasons stated above, defendant's motion for summary judgment is granted. Because the Court finds that appeal from this order would not be taken in good faith, it denies Brown in forma pauperis status for the purpose of appeal. 28 U.S.C. § 1915(a)(3). The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 27, 2013

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge